UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCO VERCH,

Plaintiff,

v. Case No. 8:26-cv-754-VMC-CPT

RIGHT WAY ELEVATOR
MAINTENANCE, INC.,

Defendant.

______________________________/

**Order**

This matter comes before the Court on consideration of Plaintiff Marco Verch's Motion for Entry of Final Judgment by Default against Defendant (Doc. # 19), filed on July 2, 2026. The Court grants the Motion as set forth below.

## I. Background

According to the complaint, Verch "is a photographer from Cologne, Germany." (Doc. # 1 at 1). In 2019, a third party named Liliya Krivoychko created the photograph entitled "USCO 2.0 Liliya 1- 10347143257 Work of 2021 Group 1 01/08/2021 until 03/04/2021 750 pictures.xlsx" ("the Work"), which depicts a container of flowers with a card saying "Happy Mother's Day" in front. (Doc. # 19-1 at 1-2). Krivoychko "subsequently transferred all rights in the Work to" Verch.

(Id. at 2). "Verch registered the Work with the Register of Copyrights on April 09, 2021, and was assigned registration number VA 2-248-844." (Id.; Doc. # 1 at 4). A copy of the Certificate of Registration has been filed with the Court. (Doc. # 1-2).

Defendant Right Way Elevator Maintenance, Inc. "is a Florida elevator service company that provides commercial elevator maintenance, repairs, modernization, and compliance testing to help keep elevators safe and functioning reliably." (Doc. # 1 at 2). At all relevant times, Right Way Elevator "owned and operated the internet website located at the URL https://www.rightwayelevator.com/ (the 'Website') and the Facebook URL https://www.facebook.com/Rightwayelevator/ (the 'Facebook page')." (Id.). Right Way Elevator copied the Work without permission and displayed a copy of the Work on its Facebook page in a post for Mother's Day. (Id. at 5; Doc. # 1-3). Right Way Elevator "copied and distributed Verch's copyrighted Work in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services." (Doc. # 1 at 5).

"On or about September 20, 2025, Verch discovered the unauthorized use of his Work on the [Facebook page]." (Id. at

5). Verch "never gave [Right Way Elevator] permission or authority to copy, distribute or display the Work at issue in this case" and Right Way Elevator "has never been licensed to use the Work at issue in this action for any purpose." (Doc. # 19-1 at 2-3).

Verch initiated this action against Right Way Elevator on March 20, 2026, asserting a single claim for copyright infringement under 17 U.S.C. § 501 of the Copyright Act. (Doc. # 1). According to Verch, Right Way Elevator's "acts were willful" and the "harm caused to Verch has been irreparable." (Id. at 6).

Verch served Right Way Elevator on March 25, 2026, such that Right Way Elevator's answer was due April 15, 2026. (Doc. ## 10, 12). Right Way Elevator failed to file an answer or otherwise appear by the deadline. Thus, on April 27, 2026, Verch applied for entry of Clerk's default. (Doc. # 14). Clerk's default was entered on April 30, 2026. (Doc. # 16).

Now, Verch seeks default judgment against Right Way Elevator. (Doc. # 19). According to Verch's declaration filed in support of the Motion, the "fair market value of the Work, had [Right Way Elevator] requested a license to reproduce and display the copyrighted Work on its Website without attribution, is $4,750.00 per image, for a rights-managed

license to be used for commercial purposes on a website for a year." (Doc. # 19-1 at 3). He also declares that the "licensing fee alone does not take into consideration the scarcity of the Work. Scarce images typically demand a much higher fee than common images, and in this case, the Work is scarce not only due to high quality, but also the unique technique applied to achieve an amazing result." (Id.). Because the "Work has lost significant value by the widespread and continuing dissemination resulting from [Right Way Elevator's] infringement," Verch "believe[s] [his] actual damages to be $23,750.00 per image after considering a multiplier of five to the licensing fee of $4,750.00 per image." (Id. at 3-4). He seeks $71,250.00 in damages (3 times his actual damages) and $7,310.00 in attorney's fees and $490.00 in costs. (Doc. # 19 at 13-15). He also seeks entry of a permanent injunction. (Id. at 15-17).

The Motion is ripe for review.

## II. Legal Standard

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A district court may

enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). DirectTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

## III. Analysis

After reviewing the Motion, attached declarations, the complaint, and the rest of the record, the Court determines that the Motion should be granted. As a preliminary matter, service on Right Way Elevator was proper: Verch's process server served Right Way Elevator through personal service on its manager, Cindy Torres, on March 25, 2026. (Doc. # 10). Likewise, Clerk's default was properly entered on April 30, 2026. (Doc. # 16).

**A. Liability**

Next, Verch has sufficiently demonstrated to this Court the factual basis and elements required for his copyright infringement claim set forth in the complaint, including the required elements for the issuance of a permanent injunction against Right Way Elevator and an award of statutory damages.

"To prevail on a claim for direct copyright infringement, a plaintiff must show (1) that he owns a valid copyright and (2) that the defendant copied, distributed, reproduced, and/or performed protected elements of that work." Atl. Recording Corp. v. Spinrilla, LLC, 506 F. Supp. 3d 1294, 1306 (N.D. Ga. 2020).

Verch has proven these elements. As alleged in the complaint and Verch's declaration, Verch owns a valid copyright in the Work and Right Way Elevator published the Work on its Facebook page without Verch's permission. See (Doc. # 1 at 3-6; Doc. # 19-1 at 1-3; Doc. # 1-2; Doc. # 1-3). Based on Right Way Elevator's default, the Court determines that the infringement was willful. See Arista Recs., Inc. v. Beker Enterprises, Inc., 298 F. Supp. 2d 1310, 1313 (S.D. Fla. 2003) ("[T]his Court may infer that Defendants willfully infringed Plaintiffs' copyrights because of Defendants' default.").

**B. Damages**

"As to monetary damages, [Verch] can elect to seek statutory damages, actual damages, or a disgorgement of [Right Way Elevator's] profits." Clever Covers, Inc. v. Sw. Fla. Storm Def., LLC, 554 F. Supp. 2d 1303, 1309 (M.D. Fla. 2008). "A finding of willful infringement justifies an award of heightened damages and attorney's fees." Id. at 1310. "Because the Court finds that [Right Way Elevator's] infringement of [Verch's] copyrighted work[] was willful, the limits set forth in 17 U.S.C. 504(c)(2) — which sets the 'willful' statutory damages range from $200.00 and $150,000.00 — applies." Id.; see also 17 U.S.C. § 504(c)(2) ("In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000. In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200."). "[S]tatutory damages are not intended to provide a plaintiff with a windfall recovery; they should

bear some relationship to the actual damages suffered." Clever Covers, Inc., 554 F. Supp. 2d at 1313 (citation and internal quotation marks omitted).

Verch requests $71,250 in statutory damages: his licensing fee multiplied by a five-times "scarcity multiplier" to calculate actual damages, then applying a three-times multiplier to the actual damages. (Doc. # 19 at 14). The Court disagrees that this is a proper calculation of damages.

As to actual damages, it is appropriate to use Verch's typical licensing fee of $4,750. (Doc. # 19 at 11); see (Doc. # 19-1 at 3) (Verch's declaration, stating the "fair market value of the Work . . . is $4,750.00 per image, for a rights-managed license to be used for commercial purposes on a website for a year"). However, the Court declines to impose a scarcity multiplier here, which Verch requests on the premise that the licensing fees does not take into account "the scarcity of the photograph, which also increase[s] the value of the Work in this case." (Doc. # 19 at 11). Verch "is not entitled to the scarcity multiplier because he provides virtually no discussion of legal authority on the issue" besides a passing citation to Leonard v. Stemtech International, Inc., 834 F.3d 376, 394 (3d Cir. 2016). Verch

v. Speedy Holdings Grp., Inc., No. 6:24-cv-1895-WWB-DCI, 2025 WL 3269414, at *6 (M.D. Fla. Aug. 12, 2025), report and recommendation adopted, No. 6:24-cv-1895-WWB-DCI, 2025 WL 3269401 (M.D. Fla. Sept. 18, 2025). "But *that* case involved highly specialized scientific imagery — 'photographs of stem cells using electron microscopes.'" Nadeau v. Brickell Brokers LLC, No. 24-cv-23907, 2025 WL 1768156, at *2 (S.D. Fla. June 25, 2025) (quoting Leonard, 834 F.3d at 382). The Work here, by contrast, is a photograph of flowers — a common subject matter that can be captured by anyone with a camera. While Verch declares that the Work is scarce "due to high quality" and "the unique technique applied to achieve an amazing result" (Doc. # 19-1 at 3), Verch "hasn't shown that the image is 'uniquely scarce' or 'technically irreplicable.'" Nadeau, 2025 WL 1768156, at *2 (quoting Leonard, 834 F.3d at 382). Therefore, no scarcity multiplier will be applied and Verch's actual damages are $4,750.

Next, Verch requests a three-times multiplier of his actual damages as statutory damages. See Broad. Music, Inc. v. Prana Hosp., Inc., 158 F. Supp. 3d 184, 199 (S.D.N.Y. 2016) ("[C]ourts in this Circuit commonly award, in cases of non-innocent infringement, statutory damages of between three and five times the cost of the licensing fees the defendant would

have paid.”); Aug. Image, LLC v. Auge Internacional Media, LLC, No. 22-22718-CIV, 2022 WL 20834406, at *4 (S.D. Fla. Nov. 16, 2022) (“Where (as here) willful infringement has occurred, courts will generally look to a plaintiff’s actual damages and award three to five times actual damages to properly account for statutory damages.”).

The Court agrees that a three-times multiplier of the licensing fee is appropriate here. See Corson v. Gregory Charles Interiors, LLC, No. 9:19-cv-81445, 2020 WL 6323863, at *3 (S.D. Fla. Aug. 7, 2020) (trebling plaintiff’s actual damages); Major Bob Music v. Stubbs, 851 F. Supp. 475, 481 (S.D. Ga. 1994) (“[T]he Court finds that the Plaintiffs’ request of statutory damages of $2000.00 per violation, or a total of $6,000.00 — an amount approximately three times what the Defendant would have paid to be licensed — is a modest, just and appropriate award under section 504(c)(1).”).

Statutory damages of $14,250 ($4,750 x 3) make Verch whole, punish Right Way Elevator for its willful infringement, and emphasize that complying with the copyright law is less expensive than infringement, without providing Verch a windfall. See Clever Covers, Inc., 554 F. Supp. 2d at 1311 (“Even for uninjurious and unprofitable invasions of copyright the court may, if it deems just, impose a liability

within statutory limits to sanction and vindicate the statutory policy [of discouraging wrongful conduct].” (citation omitted)).

In the introduction and conclusion to the Motion, Verch also requests “prejudgment interest.” (Doc. # 19 at 2, 17). “The Copyright Act doesn’t specify whether a copyright owner is entitled to recover interest on an award of actual or statutory damages, and a request for prejudgment interest on an award of damages and profits will be directed to the court’s discretion.” Nadeau, 2025 WL 1768156, at *6 (citation and internal quotation marks omitted). “Here, other than the brief mention of pre-judgment interest in the [introduction and] conclusion of the Motion, [Verch] does not provide an analysis of why the Court should grant the relief, nor does [Verch] provide a computation of the prejudgment interest.” Verch, 2025 WL 3269414, at *12. As Verch has not met his burden of establishing entitlement to prejudgment interest, the Court will not award it. Id.

**C. Permanent Injunction**

Verch also seeks a permanent injunction against Right Way Elevator. (Doc. # 19 at 15-17). “To obtain a permanent injunction, a plaintiff must show: (1) that it suffered an irreparable injury; (2) that the remedies available at law,

such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendants, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." Nexstar Media, Inc. v. Jaros, No. 8:22-cv-516-CEH-SPF, 2023 WL 2571475, at *5 (M.D. Fla. Mar. 20, 2023). "The four-part test 'is regularly satisfied at the default-judgment stage in copyright-infringement cases.'" Id. (citation omitted).

Permanent injunctive relief is appropriate here. Verch has established an irreparable injury because "the ability of Right Way Elevator Maintenance, Inc. to use Verch's Work for its own commercial benefit without compensation to Verch greatly impairs the market value of the Work." (Doc. # 19 at 16); see Wareka v. Faces by Francesca, LLC, No. 20-cv-62466, 2021 WL 6101375, at *6 (S.D. Fla. Oct. 19, 2021) ("Plaintiff has also presented sufficient evidence that Plaintiff would suffer irreparable harm from a diminished market value of the Image and loss of licensing fees as a result of Defendant's infringement."), report and recommendation adopted, No. 20-62466-CIV, 2021 WL 6072810 (S.D. Fla. Dec. 23, 2021). Monetary remedies are insufficient because the statutory damages will not prevent Right Way Elevator from displaying the Work on

its Website or Facebook page in the future. See Arista Recs., Inc., 298 F. Supp. 2d at 1315 ("There is no evidence that Defendants have stopped infringing Plaintiffs' recordings or that, absent an injunction, Defendants will stop."). "The Court finds that the equitable remedy of a permanent injunction is appropriate after balancing the hardships between [Verch] and [Right Way Elevator], and that the public interest will not be disserved under these circumstances." Nexstar Media, Inc., 2023 WL 2571475, at *5; Arista Recs., Inc., 298 F. Supp. 2d at 1314 ("Injunctions are regularly issued pursuant to the mandate of Section 502, because the public interest is the interest in upholding copyright protections." (citation and internal quotation marks omitted)).

The Court adopts the form of the permanent injunction included within Verch's proposed order. (Doc. # 19-4 at ¶ 12). Specifically, the Court permanently restrains and enjoins Defendant Right Way Elevator Maintenance, Inc., its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any one or more of them, who receive actual notice by personal service or otherwise, from:

(a) directly or indirectly infringing Plaintiff Marco Verch's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop, or manufacture any works derived or copied from any of Plaintiff's copyrighted photographs or to participate or assist in any such activity; and/or

(b) directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of any copyrighted photographs.

**D. Attorney's Fees and Costs**

Finally, the Court addresses the issue of fees and costs. "In any civil action under this title, the [C]ourt in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof." 17 U.S.C. § 505. "Except as otherwise provided by this title, the [C]ourt may also award a reasonable attorney's fee to the prevailing party as part of the costs." Id. Verch seeks $7,310 in attorney's fees and $490 in costs. (Doc. # 19 at 15). He has filed the declaration of one of his two attorneys, Sanje V. Lara, in support of his request. (Doc. # 19-2).

"Although [Right Way Elevator] failed to respond to [Verch's] motion (or otherwise participate in this case), the Court must still ensure that the fees it awards are reasonable." Sumfinidade Unipessoal LDA v. Yachtlife Techs. Inc., No. 24-cv-21555, 2024 WL 4607072, at *9 (S.D. Fla. Sept. 24, 2024), report and recommendation adopted, No. 24-21555-CV, 2024 WL 4602793 (S.D. Fla. Oct. 29, 2024). Upon review, the Court determines that a reduction to the attorney's fees is warranted to arrive at a reasonable award. Notably, Verch "submits no evidence beyond counsel's affidavit and cites to no law to establish the reasonableness of the requested rates." Verch, 2025 WL 3269414, at *10.

With respect to Attorney Lara, who seeks an hourly rate of $400, this Court agrees with other courts that have held "that $250.00 an hour for Attorney Lara['s] . . . level of experience is appropriate." Id. With respect to Attorney Evan Anderson, Attorney Anderson is a partner who has been practicing intellectual property law since 2008 and seeks an hourly rate of $550. (Doc. # 19-2 at 2). Given his 18 years of experience, the Court finds that an hourly rate of $450 is reasonable. See Sumfinidade Unipessoal LDA, 2024 WL 4607072, at *9 ("Mr. Cader's hourly rate ($550.00) should be reduced to $450.00. Again, this case was not novel or difficult and

Courts in this District have approved similar hourly rates for attorneys with comparable experience [of seventeen years in civil litigation] in the copyright default judgment context."); Broad. Music, Inc. v. Taste & Spirit, LLC, No. 8:22-cv-1790-VMC-SPF, 2023 WL 3353044, at *5 (M.D. Fla. Apr. 21, 2023) (ruling on a motion for default judgment in a copyright infringement case in 2023 that "$400.00 per hour . . . is a reasonable rate for an attorney with over twenty years of experience in the Tampa market in the absence of objection"), report and recommendation adopted, No. 8:22-cv-1790-VMC-SPF, 2023 WL 3339065 (M.D. Fla. May 10, 2023).

Concerning the paralegal, Rebecca Pollack, the Court finds the requested hourly rate of $250 unreasonable. Again, Verch "cites to no law and provides no evidence other than Attorney Lara's declaration to support the request. Based on the [Court's] experience and similar cases, the [Court] finds that the [paralegal's] requested rate[] should be reduced to $150.00." Verch, 2025 WL 3269414, at *10.

As for the three "Client Services Liasons," for whom Verch seeks the hourly rate of $200, Verch "provides no information regarding this position." Id. at *11. Upon review, these "Client Service Liasons" do not appear to have done any legal work; instead, their "tasks appear to be purely

administrative in nature." Nadeau, 2025 WL 1768156, at *4. Without more, the Court will not "award [Verch] the fee for the 'Client Services Liaison' work in this case." Verch, 2025 WL 3269414, at *11.

Next, the Court reviews the number of hours expended. (Doc. # 19-3). The Court finds that "Attorney Lara's representations and the billing records sufficiently establish the reasonableness of the hours requested. The hours expended do not appear to be excessive, redundant, or otherwise unnecessary," as to the two attorneys and the paralegal. Verch, 2025 WL 3269414, at *11. Accordingly, Verch is entitled to recover a total of $3,715 in attorney's fees (Attorney Lara $1,825 + Attorney Anderson $765 + Paralegal Pollack $1,125).

As to costs, no reduction is necessary. Verch seeks the $405 filing fee and a $85 service of process fee, which are reasonable taxable costs. See Sumfinidade Unipessoal LDA, 2024 WL 4607072, at *11 ("The docket reflects that Plaintiff paid the filing fee. . . . Therefore, Plaintiff should recover this amount."); Broad. Music, Inc., 2023 WL 3353044, at *5 (approving $110.00 in service of process costs). Therefore, Verch is awarded $490 in costs.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff Marco Verch's Motion for Entry of Final Judgment by Default against Defendant (Doc. # 19) is **GRANTED**.

(2) The Court issues a permanent injunction as follows. The Court permanently restrains and enjoins Defendant Right Way Elevator Maintenance, Inc., its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any one or more of them, who receive actual notice by personal service or otherwise, from:

(a) directly or indirectly infringing Plaintiff Marco Verch's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop, or manufacture any works derived or copied from any of Plaintiff's copyrighted photographs or to participate or assist in any such activity; and/or

(b) directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of any copyrighted photographs.

(3) The Clerk is directed to enter a default judgment in favor of Plaintiff Marco Verch and against Defendant Right Way Elevator Maintenance, Inc. in the amount of $14,250 in statutory damages, $3,715 in attorney's fees, and $490 in costs, all for which sum let execution issue. Plaintiff is entitled to post-judgment interest.

(4) Thereafter, the Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of August, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE